

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

| | |
|---|---|
| *100 South Clinton Street, P.O. Box 7198* | *Tel.: (315) 448-0672* |
| *James M. Hanley Federal Building* | *Fax: (315) 448-0658* |
| *Syracuse, New York 13261-7198* | |

May 5, 2026

Hon. Gary L. Favro
U.S. Magistrate Judge
United States District Court
14 Durkee Street
Plattsburgh, NY 12901

Re:     *United States v. Joachim Lebouazda*
         Case No. 8:26-PO-041 (GLF)

Dear Judge Favro:

The purpose of this filing is to brief the Court regarding legal and factual issues that may arise at the status/change of plea hearing scheduled in this case on May 7, 2026, at 8:00 AM.

The Defendant is charged with a violation of 8 U.S.C. § 1325(a)(1).  This charge involves the government establishing proof of the following elements beyond a reasonable doubt: (1) that the defendant is an alien; and (2) that the defendant intentionally or knowingly entered the United States at a place other than as designated by an immigration official.  *Id*.  The government does not have to prove—and in a guilty plea context, a defendant does not have to admit—that the defendant knew he was an alien at the time of his entry.  *See, e.g., United States v. Rizo-Rizo*, 16 F.4th 1292, 1298-99 (9th Cir. 2021), *cert. denied*, 143 S. Ct. 120 (2022).

In this case, the Defendant asserted to U.S. Border Patrol Agents ("BPAs") that he believed he possessed a valid Electronic System for Travel Authorization visa waiver ("ESTA") when he crossed the U.S.-Canada border.  Applicants may apply for an ESTA through the U.S. Department of Homeland Security, Customs and Border Protection ("CBP").  An ESTA authorizes admission into the U.S. for a short period of time, typically less than 90 days.

Based on a review of CBP records, the Defendant applied for an ESTA through the CBP website on February 21, 2026.  As part of that application, the Defendant provided an email address.  BPAs asked for and received consent from the Defendant to search the Defendant's cell phone.  Pursuant to a manual review of the phone, BPAs confirmed that the Defendant received an email from CBP on February 21, acknowledging his ESTA application.  On February 27, the Defendant's ESTA application was denied.  BPAs identified another email from CBP to the Defendant, received on February 27, indicating that "[t]here has been an update to your ESTA Travel Authorization Status," and directing the Defendant to the CBP website for additional details.  The government has no information about whether the Defendant in fact accessed the CBP website and saw that his application had been denied.

Letter to Judge Favro
*U.S. v. Joachim Lebouazda*
No. 8:26-PO-041 (GLF)
May 5, 2026
Page 2


Internal CBP records indicate that one reason the Defendant's ESTA application was denied was based on information received from German authorities. According to German authorities, on December 14, 2025, the Defendant presented a counterfeit electronic boarding pass when attempting to board a flight in Frankfurt, Germany. U.S. officials were not involved with this incident and did not receive a copy of or records relating to the allegedly counterfeit electronic boarding pass. The information was simply passed on from German officials to CBP.

BPAs also conducted a digital forensics analysis of the Defendant's cell phone. Pursuant to that analysis, BPAs observed that on April 25, 2026, at 7:15 AM, a few hours before the Defendant crossed the border and was apprehended by BPAs, the Defendant used his cell phone to ask ChatGPT, "Can you cross the Canada-US border on foot?" The response from ChatGPT was that it was possible to cross on foot, but "only at certain official crossing points and not everywhere." The Defendant also input to ChatGPT an address of a Canadian border checkpoint located on Hemmingford Road near Mooers, New York, and ChatGPT responded that Canada and the U.S. both maintain border crossing checkpoints at that location. This location is approximately 1.5 miles from the location where the Defendant ultimately crossed the border into the U.S. There was no checkpoint or official port of entry at that location.

The government understands that the Defendant intends to plead guilty to the charged offense at the upcoming hearing. Based on the foregoing, the Defendant would not need to admit knowledge of alienage. For the Court to accept his guilty plea, he would need to admit that (1) he is in fact an alien, a native and citizen of France; and (2) that he intentionally or knowingly entered the U.S. at a location other than at a place designated by an immigration official. *See* 8 U.S.C. § 1325(a)(1). If the Defendant pleads guilty, the government is not opposed to immediate sentencing.

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By:    _____
Benjamin A. Gillis
Assistant United States Attorney
Bar Roll No. 704915